UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:07-cr-164-TWP-TAB-02 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| JEFFREY ROUNDTREE | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, IT IS ORDERED that the motion is:

☐ DENIED WITHOUT PREJUDICE.

☒ DENIED.

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:07-cr-164-TWP-TAB-02 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| JEFFREY ROUNDTREE | (COMPASSIONATE RELEASE) |

### ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

This matter is before the Court on a Motion for Compassionate Release filed by Defendant Jeffrey Roundtree ("Roundtree"). (Dkt. 244). For the reasons stated below, the Motion is denied.

### I. DISCUSSION

In 2008, Roundtree plead guilty to two counts of brandishing a firearm during a robbery, in violation of 18 U.S.C. § 924(c). Dkt. 130. The Court sentenced him to an aggregate sentence of 300 months in prison, representing 84 months for the first § 924(c) count and a consecutive sentence of 216 months for the second § 924(c) count. *Id.*

In 2020, Roundtree filed a motion for sentence reduction under 18 U.S.C. § 3582(c)(1), arguing, among other things, that he could establish extraordinary and compelling reasons for a sentence reduction. He contends that if he were sentenced under today's version of § 924(c), he would face a shorter mandatory minimum sentence and, thus, likely receive a shorter sentence. (Dkt. 181). The Court denied the motion, finding that the disparity between the sentence Roundtree received and the sentence he might receive if sentenced today was not an extraordinary and compelling reason for a sentence reduction under because Congress explicitly declined to make the changes to § 924(c) retroactive. (Dkt. 206).

Now, nearly two years after the Court's denial of his prior motion for compassionate release, Roundtree has filed another motion under § 3582(c)(1)(A). Again, Roundtree argues that

2

extraordinary and compelling reasons warrant a sentence reduction because, if he were sentenced under today's version of § 924(c)(1), he would face a much shorter mandatory minimum sentence. Dkt. 244. Thus, he asks the Court to resentence him as if today's version of § 924(c)(1) applied to him, which might result in his immediate release. *Id.* The Court concludes that it does not require a response from the United States to resolve the issues raised by Roundtree's motion.

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Since the Court denied Roundtree's prior motion for sentence reduction, the Seventh Circuit has squarely addressed the issue of whether the changes to the sentencing scheme in § 924(c)(1) can be an extraordinary and compelling reason warranting a sentence reduction under § 3582(c)(1), and it has reached the same conclusion that the Court did in its prior Order. That is, the Seventh Circuit has held that the changes to the sentencing scheme under § 924(c) are not an extraordinary and compelling reason warranting relief under § 3582(c)(1)(A), whether standing alone or in combination with any other factor. *United States v. Thacker*, 4 F.4th 569, 576 (7th Cir.

2021). To the extent that Roundtree seeks relief directly under § 403 of the First Step Act—the provision that amended § 924(c)(1)—his reliance is misplaced. Section 403 is not retroactive and does not apply to defendants—like Roundtree—who committed their crimes and were sentenced before the First Step Act was enacted on December 21, 2018.[1] First Step Act of 2018, § 403(b), 132 Stat. 5194, 5222 (Dec. 21, 2018) (§ 403(b) applies to "any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment"); *see also Thacker*, 4 F.4th at 573 ("By its terms, then, the First Step Act's anti-stacking amendment [to § 924(c)(1)] applies prospectively.").

Because Roundtree has not shown extraordinary and compelling reasons warranting compassionate release, the Court need not consider whether the sentencing factors in § 3553(a) weigh in favor of a sentence reduction. Accordingly, Roundtree's motion for sentence reduction, dkt. [244], is **denied**.

**IT IS SO ORDERED.**

Dated: 8/19/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Jeffrey Roundtree
Reg. No. 08704-028
FCI Greenville
Federal Correctional Institution
P.O. Box 5000
Greenville, IL 62246

All Electronically Registered Counsel

---

[1] Mr. Roundtree's reliance on *United States v. Henry*, 983 F.3d 214 (6th Cir. 2020), is also misplaced. In that case, the U.S. Court of Appeals for the Sixth Circuit held that § 403 of the First Step Act applied to a defendant who was originally sentenced before enactment of the First Step Act but who had his sentence vacated and his case remanded for resentencing after enactment of the First Step Act. *Id.* Mr. Roundtree's sentence was not vacated and remanded for resentencing after enactment of the First Step Act.